UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY T. MCGHEE,

    Petitioner,

v.                                                                  Case No. 8:23-cv-2936-WFJ-AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Anthony T. McGhee initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). He subsequently filed an amended petition. (Doc. 3). Respondent moves to dismiss, arguing that the Court lacks jurisdiction over the amended petition because Mr. McGhee fails to meet the "in custody" requirement for habeas review. (Doc. 8). Mr. McGhee has not filed a response. Upon careful review, the Court **GRANTS** the motion to dismiss.

In May 2008, a jury convicted Mr. McGhee of fleeing and attempting to elude a police officer and driving while license revoked. (Doc. 8-2, Ex. 1, at 6; Doc. 8-2, Ex. 2, at 1). The trial court sentenced him to ten years in prison. (*Id.*, Ex. 2, at 4-6). Mr. McGhee subsequently moved to reduce his sentence under Florida Rule of Criminal Procedure 3.800(c). (*Id.*, Ex. 1, at 4). That motion was granted, and Mr. McGhee received a new

sentence of five years' imprisonment. *State of Florida v. McGhee*, No. 08-CF-744, Amended Judgment (Fla. 13th Jud. Cir. Ct. Jan. 6, 2010).[1]

Mr. McGhee also sought postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-2, Ex. 3). The State ultimately "stipulated and agreed" that Mr. McGhee was entitled to a new trial. (*Id.* at 5). Accordingly, in December 2011, the trial court granted postconviction relief and set a status hearing to determine how Mr. McGhee wished to proceed. (*Id.* at 6). Two months later, on February 15, 2012, the State *nolle prossed* the charges against Mr. McGhee. (*Id.*, Ex. 4). Three weeks later, Mr. McGhee was released from custody. (*Id.*, Ex. 5).

In his amended petition—filed over a decade after his release from prison—Mr. McGhee challenges his convictions for fleeing and attempting to elude and driving while license revoked.[2] (Doc. 3 at 5-11). Respondent correctly contends that this Court lacks jurisdiction over the amended petition because Mr. McGhee "was not in state custody pursuant to [these convictions] at the time that he filed his federal petition." (Doc. 8 at 2).

Federal district courts may not entertain a petition for habeas corpus relief unless the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The Supreme Court has interpreted

---

[1] Respondent did not file a copy of the amended judgment. The Court takes judicial notice of this document, which is available on the public docket of Mr. McGhee's criminal case. *See Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) ("Courts typically take judicial notice of record documents from other judicial proceedings.").

[2] On page one of the amended petition, Mr. McGhee lists several other state criminal cases. (Doc. 3 at 1). His claims for relief, however, relate solely to the proceedings in No. 08-CF-744. (*Id.* at 5-11). Accordingly, the Court construes the amended petition as attacking only the convictions in No. 08-CF-744 for fleeing and attempting to elude and driving while license revoked.

the "in custody" language to require "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Accordingly, once the sentence for a conviction has fully expired, the petitioner is no longer "in custody" for purposes of challenging that conviction. *Id.* at 491-92.

Mr. McGhee fails to satisfy the "in custody" requirement. When he brought this action, Mr. McGhee was no longer in custody under his convictions for fleeing and attempting to elude and driving while license revoked. Indeed, over a decade ago, Mr. McGhee successfully challenged those convictions on collateral review, and the charges against him were subsequently *nolle prossed*. (Doc. 8-2, Exs. 3, 4). Because Mr. McGhee was not "in custody" when he filed this action, the Court lacks jurisdiction over his amended petition. *See Brewer v. Escambia Cnty. Sheriff's Dep't*, No. 3:15-cv-550-LC-GRJ, 2016 WL 1084720, at *1 (N.D. Fla. Feb. 18, 2016) ("[T]he charge against Petitioner for the offense identified in her Petition was '*nolle prosequi*.' The entry of *nolle prosequi* is not a judgment by a state court. . . . Petitioner, therefore, is neither in custody, nor was there a 'judgment' by a state court entitling Petitioner to pursue relief under § 2254."), *adopted by* 2016 WL 1090571 (N.D. Fla. Mar. 18, 2016).

Accordingly, Respondent's motion to dismiss, (Doc. 8), is **GRANTED**. The amended petition, (Doc. 3), is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.[3] The **CLERK** is directed to **CLOSE** this case.

---

[3] Because the Court lacks jurisdiction over the amended petition, it cannot issue a certificate of appealability. *Williams v Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

- 4 -

**DONE** and **ORDERED** in Tampa, Florida, on March 21, 2024.

*[signature]*

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE